## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| THERESA BRADLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  CV618-034 |
| | ) |
| ASLI ASLAN, in an individual | ) |
| and personal capacity, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Theresa Bradley filed a 42 U.S.C. § 1983 complaint in this Court bringing claims under Title II of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("RA"), as well as state law claims for breach of contract, fraud, negligence, and corruption.  Doc. 1 at 1, 10-14.  She sued Georgia Southern University faculty/administrators Asli Aslan, Robert L. Vogel and Gregory Robert Evans in their "individual and personal capacit[ies]." *Id.* at 1.  Generally, plaintiff claims that defendants discriminated against her as a graduate student when they failed to provide her with an accommodation after she was unable to successfully complete an assigned group project for one of her classes.  *Id.*   The Court now screens her case under 28 § U.S.C.

1915(e)(2) which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

"Only public entities are liable for violations of Title II of the ADA[,]" *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) (*citing* 42 U.S.C. § 12131; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998)), and "[t]he Rehabilitation Act prohibits recipients of federal financial assistance from discriminating against individuals with disabilities." *Garret v. Univ. of Ala. at Birmingham Bd. of Trustees*, 507 F.3d 1306, 1310 (11th Cir. 2007). Generally, case law makes clear that "there is no individual capacity liability under Title II of the ADA or [the] R[ehabilitation] A[ct]." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (*citing Garcia v. SUNY Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001)). As plaintiff has filed her claims against defendants in their "individual and personal capacities," (and not against persons/entities susceptible to a failure-to-accommodate claim under the ADA or RA) these contentions should be dismissed for failure to state a claim. Because plaintiff brings <u>no</u> claims against a defendant who is liable for suit under

42 U.S.C. § 1983, her federal claims for violations of the ADA and the RA should be **DISMISSED.**

As to plaintiff's remaining state law claims, 28 U.S.C. § 1367(c)(3) allows a Court to decline to exercise supplemental jurisdiction when a Court has dismissed all claims over which it has original jurisdiction. This Court has determined that plaintiff fails to state a 42 U.S.C. § 1983 claim, which is the only claim in this case over which the Court has original jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). As a result, this Court should **DECLINE** to exercise supplemental jurisdiction over plaintiff's remaining claims and her complaint should be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of March, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia